NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANDRE ARMONE GILDER, *Appellant*.

No. 1 CA-CR 20-0157
FILED 12-10-2020

Appeal from the Superior Court in Maricopa County
No. CR2019-122413-001
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peg Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1        Andre Armone Gilder filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Gilder's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Gilder was given an opportunity to file a supplemental brief *in propria persona*. He has not done so. Finding no error in the record, we affirm Gilder's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Gilder. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        In May 2019, Gilder was a live-in caretaker for his mother and father. One evening, he left the house to buy cigarettes and look for a friend who occasionally worked as a prostitute. Gilder met T.C. while searching for his friend. Gilder testified T.C. agreed to perform oral sex on him, so he drove to an apartment complex and parked his vehicle. According to T.C., she got into Gilder's vehicle after he agreed to give her a ride. T.C. said she could not recall "what act was discussed," but denied ever "perform[ing] a sexual act on" Gilder.

¶4        While in the parking lot, Gilder pulled out a handgun. He pointed the gun at T.C.'s head and told her to strip. As T.C. was undressing, Gilder began looking through her bag. They were interrupted by the headlights of another vehicle driving through the parking lot. T.C. opened the vehicle door and ran toward the second vehicle screaming for help. A man from the second vehicle gave T.C. his phone to call 9-1-1. Police arrived approximately 22 minutes later and interviewed T.C. Based on this interview, police identified Gilder as a suspect.

¶5        Police obtained a warrant and searched Gilder's home. During the search, police found T.C.'s identification and EBT cards, and her

cell phone. Police also found a handgun matching the description T.C. gave. Police arrested Gilder and the State brought four charges: armed robbery, a class 2 dangerous felony; aggravated assault, a class 3 dangerous felony; kidnapping, a class 2 dangerous felony; and misconduct involving weapons, a class 4 felony. The State also alleged five aggravators: threatened infliction of serious physical injury; threatened use of a deadly weapon; committing the offence for pecuniary gain; causing physical, emotional, or financial harm to the victim; and prior felony convictions.

¶6            Gilder successfully moved to sever the weapons charge. In December 2019, after a four-day trial, the jury found Gilder not guilty. Trial then began on Gilder's remaining three charges. On the third day of trial, during the State's direct examination, T.C. unexpectedly said Gilder admitted to killing a woman. Gilder immediately objected and moved for a mistrial. The superior court declared a mistrial and, following a break for the holidays, empaneled a new jury.

¶7            Following a seven-day trial, the new jury acquitted Gilder of kidnapping but found him guilty of armed robbery and aggravated assault. The jury also found the State proved the following aggravators: threatened infliction of serious physical injury; threatened use of a deadly weapon; and prior felony convictions. The superior court sentenced Gilder to slightly aggravated terms of 16 years imprisonment for the armed robbery and 12 years imprisonment for the aggravated assault, to be served concurrently, with presentence incarceration credit of 293 days.

¶8            Gilder timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, and -4033.A.1.

**ANALYSIS**

¶9            This court has read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

¶10            All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record shows Gilder was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of twelve jurors and two alternates. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Gilder's presumed

innocence. Additionally, Gilder was given an opportunity to speak at sentencing, and the sentences imposed are within statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. § 13-703.J.

## CONCLUSION

**¶11**      Gilder's convictions and sentences are affirmed.

**¶12**      Defense counsel's obligations pertaining to Gilder's representation in this appeal have ended. Defense counsel need do no more than inform Gilder of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶13**      Gilder has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Gilder thirty days from the date of this decision to file an *in propia persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED: AA

4